UNITED STATES

v.

Kristin D. TILLY, 480–90–1779,
Seaman (E–3), U.S. Navy.

NMCM 95 02117.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 13 July 1995.

Decided 9 Dec. 1996.

CDR Mark S. Williams, JAGC, USNR, Appellate Defense Counsel.

Maj David S. Jonas, USMC, Appellate Defense Counsel.

LCDR N.B. Jones, JAGC, USN, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, and OLIVER, J.

PER CURIAM:

We have examined the record of trial, the assignment of error,[1] and the Government's response thereto. We have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

At her special court-martial, on 13 July 1995, the appellant pleaded guilty to 18 specifications of making and uttering bad checks in violation of Uniform Code of Military Justice, Article 123a, 10 U.S.C. § 923a (1994) [hereinafter UCMJ]. In her unsworn statement, the appellant asked the military judge to "please take into consideration that I am due to give birth in the beginning of October." Record at 52. The trial counsel offered no rebuttal. During the arguments on the sentence, the defense counsel emphasized that the appellant was "expecting to give birth on 1 October." Record at 55. After the military judge had deliberated on the sentence, he permitted both counsel to argue

1. THE MILITARY JUDGE ABUSED HIS DISCRETION BY ALLOWING THE GOVERNMENT TO RE-OPEN ITS SENTENCING PORTION OF THE CASE BY PRESENTING EVIDENCE IN REBUTTAL AFTER THE MILITARY JUDGE BEGAN HIS DELIBERATIONS ON SENTENCE. *BUT SEE UNITED STATES V. FISIOREK,* 43 M.J. 244 (1995).

on the trial counsel's motion to reopen the sentencing hearing for presentation of newly discovered evidence in rebuttal. After permitting the trial counsel to reopen, and admitting evidence which contradicted the appellant's claim to be expecting to give birth in October, the military judge offered the defense counsel an opportunity for surrebuttal. The defense counsel declined.

■ In making an unsworn statement an accused is spared from the truth-testing crucible of cross-examination. Rule for Courts–Martial 1001(c)(2)(C), Manual for Courts–Martial, United States (1995 ed.)[hereinafter R.C.M.]. However, the prosecutor may rebut any statements of fact in the unsworn statement. *Id.* The extent to which rebuttal will be allowed is within the discretion of the military judge. R.C.M. 1001(d). During the trial on the merits, the military judge has discretion to "permit a party to reopen its case after it has rested." R.C.M. 913(c)(5). While no similar provision exists in Chapter X, on the subject of Sentencing, we believe the responsibility of the military judge to "exercise reasonable control over the proceedings," R.C.M. 801(a)(3), would authorize the military judge to permit the trial counsel to offer rebuttal evidence before the sentence is announced. *See United ed States v. Scaff,* 29 M.J. 60, 65 (C.M.A.1989)(military judge is empowered to reopen a case even after findings have been announced).

The recommended sequence of events for the presentencing procedure suggests that presentation of rebuttal evidence precede arguments on the sentence. R.C.M. 1001(a),(g). The arguments precede the members' deliberations on the sentence. R.C.M. 1005(b). After the members close to deliberate on the sentence, the military judge may reopen the court-martial to permit presentation of additional evidence. R.C.M.

1006(b). Therefore, deliberation by the members does not foreclose presentation of additional evidence.

■ The appellant's assignment of error implies, without authority or analysis, that deliberation by the military judge precludes presentation of additional evidence. Neither the parties' briefs nor this Court's examination of pertinent authority indicates support for this proposition. In fact, neither shows any authority requiring the military judge even to deliberate before announcing the sentence. *But cf.* R.C.M. 1006(a)(requiring members to deliberate after the military judge instructs such members on sentence). This Court perceives the practice of the military judge deliberating before announcing the sentence as being grounded in three separate areas: (1) the judiciary's interest in promoting public confidence in the military justice system;[2] (2) recommendations in the various Military Judges courses; and (3) convention. The practice of the military judge deliberating before announcing the sentence has no significance as to the order in which evidence on sentencing is presented. Therefore, the military judge did not abuse his discretion in permitting the trial counsel to reopen the presentencing hearing to rebut statements of fact in the appellant's unsworn statement. *See* R.C.M. 801(a)(3).

Accordingly, the findings and the sentence, as approved on review below, are affirmed.

Senior Judges KEATING and CLARK and Judge OLIVER concur.

2. *See* Model Code of Judicial Conduct Canon 2    (1990).